**Walter Louis WADE, Plaintiff,**

v.

**Hugh CAREY, Governor of the State of New York and Harold J. Smith, Superintendent of Attica Correctional Facility, Defendants.**

**No. 78 Civ. 4058 (CBM).**

United States District Court,
S. D. New York.

Aug. 8, 1980.

Walter Louis Wade, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen., New York City, State of New York by Charlotte C. Lee, Asst. Atty. Gen., New York City, (of counsel), for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff, Walter Wade, brings this action against Governor Hugh Carey and Harold J. Smith, Superintendent of Attica Correctional Facility, for violation of his rights under 42 U.S.C. § 1983. Plaintiff alleges that he was harassed, coerced and assaulted in an attempt to prevent his attendance at a federally funded college program held at Attica, where he is an inmate. The case is currently before the court on defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, Federal Rule of Civil Procedure 12(b)(6).

■ Section 1983 of the United States Code prohibits any deprivation, under color of law, of the rights, privileges and immunities guaranteed by the Constitution. Plaintiff's complaint states that he was harassed, coerced and assaulted by prison guards who were defendants' agents. It further alleges that defendants conspired to deprive him of his right to attend the college program. Since plaintiff alleges a violation of his federally protected rights, this court's jurisdiction is clear. However, for the reasons stated below, this court finds that plaintiff has not stated a cause of action upon which relief can be granted.

It is well established that complaints relying on the civil rights statutes are plainly insufficient unless they contain some specific allegations of fact indicating a deprivation of civil rights, rather than state simple

conclusions. *Koch v. Yunich*, 533 F.2d 80, 85 (2d Cir. 1976). In the case at hand plaintiff alleges a series of acts by unknown "agents" of defendants which allegedly violated plaintiff's rights. There is no specific allegation that the defendants were personally involved in, or personally responsible for, any of the incidents alleged to have violated plaintiff's rights. In this Circuit, personal involvement of defendants is a prerequisite to an award of damages under Section 1983–the general doctrine of respondeat superior will not suffice–e. g., *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Johnson v. Glick*, 481 F.2d 1028, 1033–34 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324, (1973).

■ Although pro se complaints should be accorded a liberal reading, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), dismissal of a pro se complaint is not precluded. *Jeffery v. Malcolm*, 353 F.Supp. 395, 399 (S.D.N.Y.1973). Liberally read, plaintiff's complaint alleges that "agents" of the defendants conspired to violate plaintiff's rights. Even liberally read, however, plaintiff's complaint fails to allege any acts which defendants personally engaged in which were related to the alleged conspiracy. *See Powell v. Workmen's Compensation Board*, 327 F.2d 131, 137 (2d Cir. 1964). Thus, plaintiff's complaint fails to suggest even vaguely, any personal involvement by defendants.

For the reasons stated above, the court concludes that plaintiff's complaint must be dismissed for failure to state a claim upon which relief can be granted.

So ordered.