84

Patricia K. McPARTLAND, Plaintiff,

v.

AMERICAN BROADCASTING
COMPANIES, INC.,
Defendant.

No. 83 Civ. 0471 (PKL).

United States District Court,
S.D. New York.

Nov. 12, 1986.

Patricia K. McPartland, pro se.

---

Roberts & Finger, New York City (A.
Michael Weber, of counsel), for defendant.

LEISURE, District Judge:

Plaintiff Patricia McPartland moves under Fed.R.Civ.P. 60(b)(6) to vacate an order granting a partial summary judgment to defendant American Broadcasting Companies, Inc.

## STATEMENT OF FACTS

Plaintiff commenced this action *pro se* in January 1983 against defendant for alleged violations of federal and state laws prohibiting employment discrimination. Plaintiff sought equitable relief and money damages.[1] On January 17, 1984, defendant moved for partial summary judgment. Plaintiff filed a 22–page memorandum of law in opposition to defendant's motion. By order of August 2, 1985, this Court granted defendant's motion for partial summary judgment, dismissing all of plaintiff's claims except her claim of retaliation contained in Equal Employment Opportunity Commission Charge No. 2 and her claims for reinstatement and backpay.

Plaintiff now seeks to vacate the partial summary judgment. Plaintiff alleges that, generally, she has been unable effectively to prosecute this action without the assistance of counsel because, among other reasons, defendant misrepresented the relevant law to the Court and plaintiff was "factually impaired" by harsh application of technical rules. Plaintiff's Memorandum of Law in Support of Rule 60(b)(6) Motion at 4. Plaintiff asserts that Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case". *Radack v. Norwegian America Line Agency,* 318 F.2d 538, 542 (2d Cir.1963). Moreover, plaintiff argues that doubts, if any, should be resolved in favor of the party moving under Rule 60(b)(6) and that the law favors hearing a litigant's claim on the merits. *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973). In sum, plaintiff urges that the

---

1. For a more complete statement of the facts regarding plaintiff's claim, *see McPartland v.*

*American Broadcasting Cos., Inc.,* 623 F.Supp. 1334, 1337 (S.D.N.Y.1985).

equities of this case require that the partial summary judgment be vacated.

## DISCUSSION OF LAW

Fed.R.Civ.P. 60(b)(6) provides that a party may be relieved from a final judgment or order for "any other reason justifying relief from the operation of the judgment". It is firmly established, however, that Rule 60(b)(6) may be applied only where the moving party demonstrates "extraordinary circumstances" or "extreme hardship." *PRC Harris, Inc. v. The Boeing Co.*, 700 F.2d 894, 897 (2d Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983); *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (citing *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 212, 95 L.Ed. 207 (1950); *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir.1953)).

Fundamentally, plaintiff contends that her *pro se* status has hindered her ability to prosecute this action. She states that: defendant failed to take account of plaintiff's inability to submit "meaningful" responses to defendant's papers; the Court did not adequately respond to her *pro se* status to prevent her from forfeiting legal rights; and the Court's opinion "immerses confusion into the body of law and must be corrected in the interest of judicial economy". Plaintiff's Reply to Defendant's Memorandum of Law at 1.

▪▪▪ A party's right of self-representation implies an obligation of the Court to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983). The Court is satisfied, however, that plaintiff's *pro se* status was expressly taken into account during consideration of the motion for partial summary judgment. *McPartland*, 623 F.Supp. at 1338. It has also been previously noted that plaintiff was represented by counsel at various times in her dispute with defendant, including the periods from April 1978 to December 1978 and from April 1980 to June 1982. *Id.*

Since this Court granted defendant's motion for partial summary judgment plaintiff has not advanced any new facts regarding handicaps caused by her lack of representation. She does argue that her prior legal representation was "very deficient" and "disinterested." Plaintiff's Memorandum of Law In Support of Rule 60(b)(6) Motion at 4. The Court of Appeals for the Second Circuit, however, has refused to find even an attorney's gross neglect to be sufficient grounds for Rule 60(b) relief, absent a particularized showing of exceptional circumstances. *Cliff v. PPX Publishing Co.*, 84 F.R.D. 369, 371 (S.D.N.Y.1979); *United States v. Cirami*, 535 F.2d 736, 739–41 (2d Cir.1976); *Cf. Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir.1978), *cert. denied*, 439 U.S. 1117, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1979); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 & n. 10 (2d Cir.1979).

"It is unquestionably the law in this Circuit that *pro se* litigants' complaints are to be given solicitous and generous consideration ... and that summary disposition should rarely be granted...." *Raitport v. Chemical Bank*, 74 F.R.D. 128, 129 (S.D.N.Y.1977). "Even these broad commandments, however, have some limits." *Id.* Thus, dismissal of a *pro se* complaint is not precluded. *Wade v. Carey*, 503 F.Supp. 25, 26 (S.D.N.Y.1980). *See also Morpurgo v. Board of Higher Education*, 423 F.Supp. 704, 713 (S.D.N.Y.1976).

Accordingly, plaintiff's motion is denied.

SO ORDERED.