872 F.2d 20
 Robin B. ELLIOTT, Plaintiff-Appellant,
v.
Warden BRONSON, Somers Correctional Institution, Warden
Crose, Somers Correctional Institution, Warden Orszak,
Somers Correctional Institution, David Cormeir, Counselor,
Somers Correctional Institution, Officer Chuck Conners,
Somers Correctional Institution, Officer Mike Fountain,
Somers Correctional Institution, Officer Giovanni, Somers
Correctional Institution, State of Connecticut, Department
of Corrections, Warden Miller, U.S.P. Marion, Warden John
Doe, U.S.P. Leavenworth, and R. Elledge, Counselor, U.S.P.
Leavenworth, In their individual and official capacities, Defendants.
 No. 993, Docket 88-2242.
 United States Court of Appeals,
Second Circuit.
 Argued April 4, 1989.
Decided April 5, 1989.
 
 Elizabeth S. Stong, New York City (Wilkie Farr & Gallagher, New York City, Lawrence O. Kamin, Richard L. Klein, Olivia Sohmer, of counsel), for plaintiff-appellant.
 Before LUMBARD, PRATT and MINER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robin Bernard Elliott appeals from an order and judgment of the United States District Court for the District of Connecticut, Alan H. Nevas, Judge, dismissing his pro se complaint, sua sponte, for failing to state a claim upon which relief can be granted, for failing to make a short and plain statement of his claims, and for being "frivolous" within the meaning of 28 U.S.C. Sec. 1915(d). Elliott, a prisoner at the Connecticut Correctional Institution-Somers facility, brought this action in forma pauperis pursuant to 42 U.S.C. Sec. 1983 for injunctive relief and damages based on acts committed in connection with his administrative classification and the conditions of his confinement. On the same day that Elliott's complaint was docketed, and before ordering service on any defendant, the district court issued an order dismissing the complaint "without prejudice", but without granting Elliott leave to replead. The court entered judgment on April 26, 1988, from which Elliott filed a timely notice of appeal. Since the complaint was dismissed prior to service on defendants, the appeal is unopposed.
 
 
 2
 The Supreme Court has long held that courts must construe pro se complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel. E.g., Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 175, 66 L.Ed.2d 163 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam); see also Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir.1983) (per curiam). While we recognize that early dismissals of patently frivolous complaints are appropriate and helpful in expediting the burdensome calendars of our district courts, we have frequently cautioned against over-use of the draconian device of sua sponte dismissals of pro se complaints before service of process. See, e.g., Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir.1988); Massop v. Coughlin, 770 F.2d 299, 301 (2d Cir.1985); Moorish Science Temple of America, Inc. v. Smith, 693 F.2d 987, 990 (2d Cir.1982). Where colorable and plausible claims are advanced, dismissal at such an early stage deprives the court of the benefit of the defendant's answering papers, Robles v. Coughlin, 725 F.2d at 15, and often results in the " 'wasteful * * * shuttling of the lawsuit between the district court and the appellate courts.' " Bayron v. Trudeau, 702 F.2d 43, 46 (2d Cir.1983) (quoting Lewis v. New York, 547 F.2d 4, 6 (2d Cir.1976)).
 
 
 3
 Applying these general principles, we are convinced that the district court acted prematurely in dismissing this complaint. Liberally construed, the complaint alleges sufficient facts to suggest potentially meritorious claims that Elliott's confinement in the F-Block segregation unit and his classification as a Class A inmate denies him due process and equal protection in violation of the fourteenth amendment. If anything, the complaint provides too much rather than too little detail in support of these claims.
 
 
 4
 In short, we cannot say that it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief.' " Haines v. Kerner, 404 U.S. at 520-21, 92 S.Ct. at 596 (Rule 12(b)(6) dismissal) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Nor can we say that the complaint is "frivolous on its face or wholly insubstantial." Robles v. Coughlin, 725 F.2d at 15 (28 U.S.C. Sec. 1915(d) dismissal). And, while we agree that the complaint failed to make a "short and plain statement of the claim" as required by Fed.R.Civ.P. 8, the district court abused its discretion in dismissing this pro se complaint without granting leave to file an amended pleading. Cf. Salahuddin v. Cuomo, 861 F.2d at 42-43.
 
 
 5
 Accordingly, we affirm the judgment dismissing the complaint insofar as it held that the complaint failed to satisfy Fed.R.Civ.P. 8, but reverse to the extent it relied on other grounds for dismissal. We remand to the district court for further proceedings and direct the district court to appoint counsel for Elliott, and to allow Elliott, through counsel, an appropriate period in which to file an amended complaint.