**Victor MEDINA–CLAUDIO Petitioner**

**v.**

**Miguel PEREIRA, Victor Rivera–Gonzalez, Rafael Lopez, Roberto Del Valle, Ulrich Jimenez, Dr. Hector Mena–Franco Dr. Aida Guzman–Font Dr. Francisco Rodriguez–Pichardo Respondents**

**No. CIV. 05–1352CCC.**

United States District Court,
D. Puerto Rico.

July 19, 2006.

José E. Valenzuela–Alvarado, Esq., Dept. of Justice, Office of the Solicitor General, Commonwealth of Puerto Rico, for Petitioner.

## OPINION AND ORDER

CEREZO, District Judge.

This is an action under 42 U.S.C. § 1983 filed by plaintiff Victor Medina–Claudio (Medina) *pro se* claiming that from August 8, 2002 until September 28, 2003, while he was an inmate assigned to Annex 501 of the Bayamón Regional Complex, he was not administered insulin on three hundred and three (303) occasions. Defendants, all former or current officials of the Administration of Corrections of Puerto Rico, are Miguel Pereira (Pereira), the current Administrator, Víctor Rivera–González (Rivera), the former Administrator, Rafaél López (López), Roberto Del Valle (Del Valle) and Ulrish Jiménez (Jiménez), all identified as former Superintendents of Annex

501, Dr. Héctor Mena–Franco (Mena), Director of the Correctional Health Program, Dr. Aida Guzmán–Font (Guzmán), former Director of the Correctional Health Program, and Dr. Francisco Rodríguez–Pichardo (Rodríguez), Medical Director of the Bayamón Complex. Before the Court now are several requests for dismissal filed by defendants, all of which remain unopposed by plaintiff, which we address *seriatim.*

The initial motion to dismiss, filed only by defendant Pereira on October 11, 2005 (docket entry 7), seeks dismissal of the complaint on diverse grounds. Pereira first avers that the complaint is time barred under Puerto Rico's one-year statute of limitations. That claim is patently spurious, since the previous action filed by plaintiff in federal court on September 16, 2003, Civil No. 03–2001(JP), was not the object of a disciplinary dismissal, as defendant represents, but rather voluntarily dismissed by plaintiff through a motion filed on March 31, 2004. Plaintiff, thus, had one year since the filing of the motion for voluntary dismissal to re-file his action, which he timely did on March 31, 2005. *See García Aponte v. E.L.A.,* 135 D.P.R. 37, 1994 WL 909243 (1994) (holding that the period of limitations starts to run anew on the date the notice of dismissal is filed in the Court).

Pereira next argues that all claims for damages raised against him in his official capacity and against the Commonwealth of Puerto Rico [1] must be dismissed under the Eleventh Amendment to the U.S. Constitution. Since a review of the complaint shows that plaintiff is only

---

1. The Court notes that the Commonwealth of Puerto Rico has not been directly sued by plaintiff in this action. Still, it interprets defendant's reference to the Commonwealth as a defendant in the context of the generally accepted principle that a suit against its functionaries in their official capacities for monetary damages is indeed a suit against the Commonwealth. *See Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974)

requesting monetary damages as a remedy against the individual officials in both their official and personal capacities, since it is apodictic that the Eleventh Amendment bars suits in federal court against state officials in their official capacities for monetary damages, *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355–56, 39 L.Ed.2d 662 (1974), and since neither Congress has abrogated said immunity through section 1983, *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), nor has Puerto Rico waived it, Eleventh Amendment immunity bars plaintiff's claims against all defendants to the extent that plaintiff seeks damages from these individuals in their official capacities. However, as the "Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials under § 1983," *Hafer v. Melo,* 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 238, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974)), the action remains as to all defendants in their personal capacities. Accordingly, the claims against Pereira and all his co-defendants in their official capacities are ORDERED DISMISSED.

■ Pereira goes on to request that the claims under the Fifth and Fourteenth Amendments be dismissed for plaintiff's failure to state a claim for a due process violation under either proviso. Our scrutiny of the complaint has convinced us that while plaintiff has cited various constitutional sources in support of his claim, among them the Fifth, Eighth and Fourteenth Amendment to the U.S. Constitution and section 12 of the Constitution of the Commonwealth of Puerto Rico, his only gripe is the repeated failure by defendants to provide him with insulin which he labels a "cruel and unusual punishment."

Of course, such a claim is clearly anchored on the Eighth Amendment, and the Supreme Court has explicitly stated that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) (quoting *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). Thus, we read the complaint as attempting to state a claim under the Eighth Amendment, and DISMISS the claims under the other constitutional articles there invoked. Accordingly, to the extent plaintiff has asserted claims under the Fifth and Fourteenth Amendment to the U.S. Constitution and section 12 of the Constitution of the Commonwealth of Puerto Rico, they are hereby ORDERED DISMISSED.

■ Pereira also argues that plaintiff's allegations failed to establish a claim under the Eighth Amendment. In this regard, he interprets plaintiff's complaint as establishing that his insulin was indeed administered in Annex 1072, although due to his condition as a government witness he needed that the insulin be administered in Annex 501 instead to avoid security problems. Pereira, thus, seems to suggest that what plaintiff is alleging is that while he was provided with the required insulin, it was not done in the annex that he preferred. We simply do not agree with Pereira's interpretation of the facts, as the complaint plainly states that "defendants failed to administer plaintiff's insulin on three hounded (sic) and three (303) occasions." Complaint, at ¶ 5. We, thus, consider whether this allegation of failure to provide insulin is enough to state a claim under the Eighth Amendment.

■ Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act deliberately and indifferently to serious medical needs of prisoners in their custody. This is true whether the indifference is manifested by prison doctors responding to the prisoner's needs or by guards' intentionally delaying or denying access to medical care that has been prescribed. *See Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference has both an objective and subjective component. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The medical need must be sufficiently serious to satisfy the objective component. *See id.* A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir.1980) (quotation omitted). In terms of the subjective component, *i.e.,* the requisite deliberate indifference, a plaintiff must establish that defendant(s) knew he faced a substantial risk of harm and disregarded that risk, "by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 847, 114 S.Ct. 1970, 128 L.Ed.2d 811. The Eighth Amendment also protects against future harm to an inmate. *See Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993).

Under these standards, the deliberate failure to provide a diabetic with prescribed insulin shots constitutes a violation of the Eighth Amendment. As that is precisely what plaintiff is describing in his complaint as having taken place, in light of those allegations we cannot conclude that plaintiff Medina failed to allege sufficient facts to state an Eighth Amendment claim.

■ Pereira insists, however, that he was not personally involved in the acts described in the complaint, and that he must be afforded qualified immunity since there are no allegations against him in the complaint. The complaint does imputes all defendants with liability for the failure to provide plaintiff with his insulin shots, although it is true that there are no specific allegations detailing Pereira's role in said denial. Still, *pro se* complaints are to be construed liberally, applying less stringent standards that when a plaintiff is represented by counsel. *Elliott v. Bronson,* 872 F.2d 20, 21 (2d Cir.1989). Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. We do not think such is the case here, since in construing the allegations of the complaint, and all reasonable inferences that might be drawn from them, it can be concluded that a failure to provide an insulin-dependent diabetic inmate with insulin shots on three hundred three different occasions denotes a deliberate indifference to the medical needs of the inmates at all levels of the Department of Correction, including its Administrator. Accordingly, Pereira's request for dismissal for his lack of personal involvement and for being qualified immune is DENIED.

Having disposed of all the arguments in support of dismissal advanced by Pereira in his dismissal motion, we turn now to the motion to dismiss filed by all defendants [2] on November 2, 2005 (docket entry 9) which is based on the failure by plaintiff to timely serve them with process. Specifically, defendants Pereira, Rodríguez and

---

**2.** This motion, and their subsequent request for dismissal on res judicata grounds (docket entry 20), was submitted by defendants without submitting to the Court's jurisdiction.

Jiménez aver that while they were served with process, this was done after the term of 120 days provided in Fed.R.Civ.P. 4(m) had expired, while defendants Rivera, López, Del Valle, Mena and Guzmán only adduce that they were never served with process in this action.

 A review of the record is necessary in order to rule on this motion. Given that this is a *pro se* complaint, and defendant was allowed to litigate in forma pauperis (docket entry 1), summons were to be served by the U.S. Marshals. Thus, while the complaint was filed in March 31, 2005, it was not until May 12, 2005 that we allowed plaintiff's request to proceed in forma pauperis, and not until September 14, 2005 that the Clerk issued the summons to the Marshals for their service (docket entry 5). Once the Marshals had the summons, they swiftly attempted to serve process, and succeeded with Pereira (docket entry 6), Rodríguez (docket entry 11), Del Valle (docket entry 14) and Jiménez (docket entry 16), while being unable to locate López (docket entry 10), Guzmán (docket entry 12), Mena (docket entry 13) and Rivera (docket entry 15). Given that plaintiff had no control over the service of process on the defendants, we will not dismiss the complaint against the four that were actually served, albeit untimely. The delay of the Marshals in serving these defendants constitutes "good cause" under Rule 4(m). *Romandette v. Weetabix Company, Inc.*, 807 F.2d 309, 311 (2d Cir.1986). The complaint will be dismissed, however, as to the four defendants who were not located and could not be served with process. As mandated by Rule 4(m), this dismissal will be without prejudice.

Finally, all defendants moved for dismissal on January 12, 2006 (docket entry 20) based on the doctrines of collateral estoppel (issue preclusion) and res judicata (claim preclusion). Defendants contend in their latest dismissal request that a final judgment issued by the Commonwealth court on September 1, 2004 dismissing an injunction proceeding initiated by plaintiff in July 2002 constituted an adjudication on the merits of all of plaintiff's state and federal claims and he is now estopped from bringing this action.

 This last argument is plainly vapid for a number of reasons. First, the local case was exclusively an injunction proceeding, which defendants' attorney surely knows is an extraordinary remedy of equity where no damages are awarded, precisely the remedy that plaintiff now seeks here. Moreover, this case was initially filed as a result of defendants' alleged failure to comply with the temporary restraining order issued in the local case. Lastly, as the copy of the judgment issued in the local case which is attached to defendants' motion clearly shows, the dismissal of the local case was made *without* prejudice. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Fed. Prac. & Pro. Juris.2d* § 4435, at 132 n. 4 (2d ed.2002) (noting that a dismissal without prejudice is not a final adjudication on the merits for res judicata purposes). The doctrine of *res judicata* is, thus, inapplicable in this instance. As to collateral estoppel, defendants have not specified which issues already adjudicated in the local court may not be relitigated here. The judgment of the local court only acknowledges that the Department of Correction had informed it that "since the month of February of 2004, it administers the insulin-dependant inmates of the Bayamón Correctional Complex their doses of insulin in the medical area of the institution where they live." Certified translation of Judgment dated September 1, 2004 attached to Motion to Dismiss (docket entry 20). This, however, does not serve to adjudicate the facts alleged by plaintiff

**214**

that he was not provided with insulin during the period from August 8, 2002 to September 28, 2003. Hence, on the scant record of the local case that we have before us, there seems to be no basis for the application of the doctrine of collateral estoppel either. Accordingly, defendants' Motion to Dismiss the Case Pursuant to the Doctrines of Collateral Estoppel and Res Judicata is DENIED.

We need go no further. Although some claims, and defendants, have not survived the various demands for *brevis* disposition, there is still one claim against various defendants that endures. We summarize our findings as follows:

— the Motion to Dismiss filed by defendant Pereira (docket entry 7) is GRANTED IN PART and DENIED IN PART. For the reasons stated above, partial judgment will be entered DISMISSING the claims against all defendants in their official capacities, as well as the claims under the Fifth and Fourteenth Amendment to the U.S. Constitution and section 12 of the Constitution of the Commonwealth of Puerto Rico.

— the Motion to Dismiss filed by all defendants on November 2, 2005 (docket entry 9) is GRANTED IN PART and DENIED IN PART. For the reasons stated above, partial judgment will be entered DISMISSING the claims against defendants López, Guzmán, Mena and Rivera, without prejudice.

— the Motion to Dismiss the Case Pursuant to the Doctrines of Collateral Estoppel and Res Judicata filed by all defendants on January 12, 2006 (docket entry 20) is DENIED.

As the Court has now ruled on all the pending motions to dismiss, defendants' Motion for Judgment in Favor of Defendants and to Adjudicate Unopposed Mo-

tions to Dismiss (docket entry 17) is MOOT.

SO ORDERED.

## PARTIAL JUDGMENT

For the reasons stated in the Order issued on this same date, partial judgment is hereby entered DISMISSING the claims against all defendants in their official capacities, as well as the claims under the Fifth and Fourteenth Amendment to the U.S. Constitution and section 12 of the Constitution of the Commonwealth of Puerto Rico, with prejudice. In addition, all claims against defendants Victor Rivera–González, Rafaél López, Dr. Héctor Mena–Franco and Dr. Aida Guzmán–Font are also DISMISSED, but without prejudice.

SO ORDERED.