Henry PLATSKY, Plaintiff–Appellant,

v.

CENTRAL INTELLIGENCE AGENCY, Defendant–Appellee.

Henry PLATSKY, Plaintiff–Appellant,

v.

U.S. DEPARTMENT OF JUSTICE, FBI; and Department of Defense, Defense Intelligence Agency, Defendant–Appellees.

Nos. 216, 217, Dockets 91–6109, 91–6113.

United States Court of Appeals, Second Circuit.

Argued Oct. 3, 1991.

Decided Nov. 25, 1991.

---

Henry Platsky, pro se.

Michelle T. Weiner, Asst. U.S. Atty. (Andrew J. Maloney, U.S. Atty., E.D.N.Y., Robert L. Begleiter, Deborah B. Zwany, Asst. U.S. Attys., of Counsel), Brooklyn, N.Y., for defendant-appellants.

Before CARDAMONE, PIERCE and WALKER, Circuit Judges.

PER CURIAM:

Henry Platsky appeals from the judgment and order of the United States District Court for the Eastern District of New York, I. Leo Glasser, *District Judge*, dismissing his *pro se* complaints for lack of standing, as barred by the doctrine of sovereign immunity, and for failure to state a claim upon which relief could be granted. Platsky brings these actions for injunctive relief and damages against the Central Intelligence Agency, the Federal Bureau of Investigation and the Defence Intelligence Agency based upon the defendants' alleged surveillance and counter espionage activities which Platsky claims interfered with his constitutional right of free association. More specifically, Platsky alleged that the defendants' activities deprived him of his "right to join a political organization of his choice," and resulted in his suffering "harassment in application for government services, on jobs, and in everyday life."

*Pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel. *See e.g., Hughes v. Rowe*, 449 U.S. 5, 9–10, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *see also Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir.1989) (per curiam). In order to justify the dismissal of a *pro se* complaint, it must be " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Haines v. Kerner*, 404 U.S. at 521, 92 S.Ct. at 594 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ In light of these principles, we think that the district court should not have dismissed Platsky's complaints without affording him leave to replead. Generally, "[i]n a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity." *United States v. Testan*, 424 U.S. 392, 400, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976). Platsky, however, premised his actions on *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "*Bivens* established that the victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." *Carlson v. Green*, 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980). As the district court recognized, even in *Bivens* actions jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work. *See Mack v. United States*, 814 F.2d 120, 122–23 (2d Cir.1987). *Cf. Leonhard v. United States*, 633 F.2d 599, 618 n. 27 (2d Cir.1980), *cert. denied,* 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981). Instead of simply dismissing the complaints for naming federal agencies as the defendants, it would have been appropriate for the district judge to explain the correct form to the *pro se* plaintiff so that Platsky could have amended his pleadings accordingly.

■ Platsky, however, may not have been subject to the same pleading requirements with respect to his requests for an injunction. This Court has held that Congress, in § 702 of the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq., has waived the defense of sovereign immunity in certain suits brought against federal agencies for equitable relief. *See Blassingame v. Secretary of the Navy*, 811 F.2d 65, 69–70 (2d Cir.1987), *rev'd on other grounds following remand,* 866 F.2d 556 (2d Cir.1989); *B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 723–25 (2d Cir.1983). Thus, it would have been appropriate for the district court to have expressly examined whether Platsky's claims for injunctive relief were within the scope of § 702 of the Administrative Procedure Act before concluding that they were barred by the doctrine of sovereign immunity.

■ The district court also dismissed the complaints for their failure to plead facts that were sufficiently specific. The district judge held that Platsky failed to allege the concrete and particularized injury required to establish standing and to state a claim upon which relief could be granted. The complaints contain somewhat generalized allegations that the defendants deprived Platsky of his right to associate with political organizations of his choice, and caused him to suffer "harassment in application for government services, on jobs, and in everyday life." However inartfully pleaded, these allegations suggest that the plaintiff had specific instances of injury in mind. When we questioned Platsky at oral argument, he recounted definite acts by which the defendants allegedly caused him harm. According to Platsky, on one occasion the defendants' agents approached his landlord

and attempted to have him evicted from his home. Plaintiff also stated that the defendants specifically interfered with his admission to a particular political organization. If they were pleaded correctly, these allegations might state a legally cognizable claim.

We think that Platsky should have a chance to state his claim more clearly. It is not " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim[s],' " *Haines v. Kerner*, 404 U.S. at 521, 92 S.Ct. at 595, and therefore we hold that the better course would have been for the district court, in dismissing Platsky's *pro se* complaints, to grant him leave to file amended pleadings. *See Elliott v. Bronson*, 872 F.2d at 22. We have instructed Platsky that his complaint must set out, with particularity and specificity, the actual harms he suffered as a result of the defendants' clearly defined acts.

Accordingly, we vacate the judgment and order below, and remand the case to the district court with instructions to allow the plaintiff to replead.