Craig Omar JONES, Plaintiff,

v.

**ALBANY COUNTY CIVIL SERVICE COMMISSION and Bruce J. O'Connor, Defendants.**

No. 97–CV–475.

United States District Court, N.D. New York.

Nov. 17, 1997.

---

Craig Omar Jones, Albany, NY, pro se.

Cusick, Hacker & Murphy, LLP, Latham, NY (Roger J. Cusick, of counsel), for Defendants.

## MEMORANDUM DECISION & ORDER

McAVOY, Chief Judge.

Defendants Albany County Civil Service Commission ("the Commission") and Bruce J. O'Connor move, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss *pro se* plaintiff Craig Omar Jones' civil rights Complaint for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

### A. Facts

From the Complaint and the exhibits plaintiff filed therewith, the Court draws the following facts. Plaintiff was provisionally employed by the New York State Department of Social Services ("DSS") as a Social Welfare Examiner on December 21, 1990. On June 8, 1991, he took the Social Welfare Examiner test and failed. He took the test again and passed on June 13, 1992.

Plaintiff seems to allege that O'Connor, a Senior Personnel Technician for the Commission, placed certain information about plaintiff that he knew to be fraudulent on the civil service eligibility list containing the results of the examination plaintiff passed. The information seems to indicate that despite plaintiff's passing grade, he was disqualified to assume a position in the competitive class of the civil service because he had committed a crime. Plaintiff further alleges that he requested an opportunity to explain such information, which was denied. Eventually, plaintiff alleges, O'Connor removed the information in order to conceal his actions.

The Complaint also contains an allegation that plaintiff was denied a hearing regarding his suspension and termination in 1993.

### B. Procedural History:

Plaintiff filed his first lawsuit in this district in September of 1995. That action, brought pursuant to 42 U.S.C. § 1983, alleged that plaintiff's employer, the DSS, failed to afford him a hearing before firing him in March of 1993. On May 2, 1996, Judge Scullin granted defendant's motion for summary judgment. That decision was upheld on appeal. *See Jones v. County of Albany,* 113 F.3d 1229 (2d Cir.1997) (table).

Plaintiff filed the present Complaint on June 3, 1997. Plaintiff maintains that his Complaint contains three causes of action: one for fraud, one for civil rights violations under 42 U.S.C. § 1983, and one for negligence. Defendants answered on June 26, 1997, and now move to dismiss the Complaint.

## II. DISCUSSION

### A. Standard for a Motion to Dismiss:

#### 1. Dismissal under Rule 12(b)(6):

■ The court should not dismiss on a Rule 12(b)(6) motion unless it appears clear that the plaintiff cannot in any way establish a set of facts to sustain his claim which would permit relief. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980); *Bass v. Jackson*, 790 F.2d 260, 262 (2d Cir. 1986). When deciding a motion to dismiss, the Court will accept as true all factual allegations in the complaint and construe them favorably to the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). The Court also may consider all papers and exhibits appended to the complaint as well as any matters of which judicial notice may be taken. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995).

The Court notes with emphasis its obligation to afford plaintiff every favorable inference arising from his *pro se* status, as well as from his position as non-movant on this motion to dismiss. To be sure, because *pro se* plaintiffs are often unfamiliar with the formalities of pleading requirements, "the Supreme Court has instructed the district courts to construe *pro se* complaints liberally and to apply a more flexible standard in determining the sufficiency of a *pro se* complaint than they would in reviewing a pleading submitted by counsel." *Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir.1991).

With this standard in mind, the Court proceeds to determine whether plaintiff has stated a claim.

#### 2. The § 1983 Claim

■ There is no question that to the extent plaintiff's § 1983 claim is premised upon his alleged entitlement to a pre-termination hearing under § 75 of the Civil Service Law, that claim is foreclosed by the doctrine of collateral estoppel, or issue preclusion, as expressly noted by the Second Circuit in plaintiff's earlier lawsuit. *See Jones v. County of Albany*, 113 F.3d 1229, 1997 WL 260063 (table)(2d Cir.1997). Moreover, to the extent that plaintiff's § 1983 claim is premised upon a fraud committed by O'Connor, defendant is

correct in asserting that plaintiff fails to plead what right he was deprived of by any such fraud. *See, e.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985) (noting that § 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."). Thus, to the extent plaintiff's § 1983 claim is based on either theory, defendants' motion to dismiss is granted.

In the affidavit plaintiff submitted with his Complaint, however, he seems to assert a different basis for his § 1983 claim: namely, he asserts that defendants failed to afford him certain procedural protections to which he was entitled in connection with being disqualified under § 50 of the Civil Service Law. That section provides, in pertinent part, that

> No person shall be disqualified pursuant to this subdivision unless he has been given a written statement of the reasons therefor and afforded an opportunity to make an explanation and to submit facts in opposition to such disqualification.

Plaintiff expressly alleges in his affidavit that defendants "had then refused, and still now, are refusing to allow myself with [sic] any type of hearing or proceedings prescribed [ § 50]." Pl. Aff. ¶ 6. Thus, plaintiff's § 1983 claim may be construed as alleging that defendants failed to afford him the "process" due under this section.

■ Defendants have failed to address this claim. Moreover, though the Court suspects that this claim itself is vulnerable to dismissal for a host of reasons, defendants have failed to raise any such arguments. A district court may not dismiss an action for failure to state a claim based upon grounds not raised by the parties. *See Volvo N.A. Corp. v. Men's Int'l Professional Tennis Council*, 857 F.2d 55, 65 (2d Cir.1988). Thus, defendants' motion is denied as to plaintiff's § 1983 claim, to the extent the claim is based upon § 50 of the New York Civil Service Law.

#### 3. Plaintiff's Fraud Claim

■ As defendant correctly points out, plaintiff has failed to plead the requisite ele-

ments of a claim for fraud. Under New York law, the elements of fraud are (1) a material misrepresentation to the plaintiff by the defendant; (2) known by defendant to be false; (3) made with the intention of inducing plaintiff's reliance; (4) reasonable reliance by plaintiff on the misstatement and (5) damages. *Pensee Assoc., Ltd. v. Quon Industries, Ltd.,* 660 N.Y.S.2d 563, 567 (1st Dep't 1997). Though plaintiff alleges that O'Connor placed information about plaintiff he knew to be false on the eligibility list, he fails to allege that any misrepresentation was made *to him,* that O'Connor intended that plaintiff rely on any misrepresentation, that plaintiff actually relied upon it, or any resulting damages. Nor can any such allegations be inferred from the Complaint or the papers submitted by plaintiff therewith. For all of these reasons, defendants' motion is granted as to plaintiff's fraud claim.

### III. Conclusion:

In summary, defendants' motion to dismiss is granted as to plaintiff's fraud claim, and denied as to plaintiff's § 1983 claim, insofar as it is premised upon defendants' alleged failure to afford him the protections in § 50 of the New York Civil Service Law.

**IT IS SO ORDERED.**