Barbara HOLLAND, Plaintiff,

v.

PINKERTON SECURITY, Defendant.

No. 96 Civ. 9361(AKH).

United States District Court,
S.D. New York.

Sept. 23, 1999.

Barbara Holland, pro se.

Robert P. O'Brien, Robert P. O'Brien & Associates, P.C., Jericho, NY, for defendant.

### MEMORANDUM & ORDER

HELLERSTEIN, District Judge.

This action arises out of an incident involving the Plaintiff *pro se*, Barbara Holland ("Holland"), and Court Security Officer ("CSO") William Ingino, an employee of the Defendant, Pinkerton's Inc., s/h/a Pinkerton Security ("Pinkerton's"). Holland claims that Ingino, a CSO at the United States Courthouse ("Courthouse") at 500 Pearl Street, New York, N.Y. forcibly and unlawfully detained her as she attempted to enter the Courthouse on October 4, 1996. Holland has brought suit against Ingino's employer, Pinkerton's, alleging a violation of her Fourth Amendment rights, and seeking damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff also alleges that Pinkerton's is liable for various state common law torts. Defendant has moved for summary judgment on the ground that plaintiff has failed to state a cause of action for which relief can be granted. Oral argument was held on September 14, 1999. For the reasons that follow, Defendant's motion is granted with respect to the *Bivens* claims, and denied with respect to the common law claims.

On October 4, 1996 at approximately 4:15 P.M., Holland entered the Courthouse in an effort to file papers in an action unrelated to this case. As she passed through the magnetometer at the security checkpoint, the instrument registered in the "high metal" range, and Holland was detained by CSO Ingino. At this point, the accounts of Holland and Ingino diverge. CSO Ingino asserts that Holland, "for no apparent reason" (Ingino Aff. ¶ 5), became extremely agitated, and verbally abused him while attempting to push past the security checkpoint. Holland denies these allegations, and asserts that she grew agitated after an unidentified white male attempted to push past her at the security checkpoint. She further alleges that, annoyed over this encounter and her failure to clear the checkpoint, she merely attempted to leave the Courthouse. Both parties agree, however, that Ingino then escorted Holland to the security office, where she was subsequently placed under arrest by federal police. Though Holland acknowledges that no force was used in bringing her to the security office, she alleges that she accompanied Ingino to the security office under false pretenses. Specifically, Holland alleges that Ingino told her they were going to the office to discuss the conduct of the man who she claims tried to push past her at the security checkpoint.

Holland asserts that while at the security office, she was ridiculed and verbally absued by Ingino and other unidentified CSO's, and that she was placed in handcuffs. Ingino denies that Holland was physically restrained in any way until the arrival of the federal police, who placed her under arrest. Claiming both physical injury from the handcuffs, and emotional trauma resulting from the ridicule and verbal abuse alleged to have been visited upon her, Holland brings this action against Pinkerton's, the employer of CSO Ingino. Liberally construed, her complaint demands damages both under *Bivens* for violations of her Fourth Amendment rights, and at common law for the torts of negligent hiring and false imprisonment. Arguing that Holland has failed to state a cause of action for which relief may be granted, Pinkerton's moves for summary judgment.

■ As a threshold matter, Holland cannot maintain her *Bivens* action against Pinkerton's. A *Bivens* action, the federal common law counterpart to 42 U.S.C. § 1983, allows aggrieved parties to hold federal officials liable for damages resulting from their actions committed under color of federal law. *See Shannon v. General Electric Company*, 812 F.Supp. 308,

323 (N.D.N.Y.1993). *Bivens* actions, however, do not provide for broad recovery from any person or entity alleged to have violated a plaintiff's rights under the Constitution or federal laws; recovery is permitted only from individual federal officials. *See Platsky v. Central Intelligence Agency,* 953 F.2d 26, 28 (2d Cir.1991); *Mack v. United States,* 814 F.2d 120, 122–23 (2d Cir.1987). Thus, "[a] company is not a proper defendant to a *Bivens* action." *Shannon,* 812 F.Supp. at 323. *See also Platsky,* 953 F.2d at 28 ("[I]n *Bivens* actions, jurisdictional limitations permit a plaintiff to sue only the federal government officials responsible for violating the plaintiff's constitutional rights; a plaintiff cannot sue the agency for which the officials work"). Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate where there is no dispute as to material facts, and the movant is entitled to judgment as a matter of law. Here, even if all of Holland's allegations are taken as true, she cannot, as a matter of law, maintain a *Bivens* action against Pinkerton's. Defendant is therefore entitled to summary judgment with respect to Holland's *Bivens* claims.

Even if Pinkerton's were a proper *Bivens* defendant, I would nevertheless grant Defendant's motion for summary judgment, as I find that Holland's allegations are insufficient to make out a Fourth Amendment violation. It is blackletter law that the Fourth Amendment bars only unreasonable searches and seizures. The use of magnetometer searches of those seeking to enter courthouses is a reasonable means of protecting the public in such facilities, *see Legal Aid Society of Orange County v. Crosson,* 784 F.Supp. 1127 (S.D.N.Y.1992), and CSO Ingino's decision to detain Holland, if, indeed, he in fact detained her, was reasonable in light of her "high metal" reading on the magnometer, and subsequent refusal to cooperate with Ingino and other CSO's. I therefore find, as a matter of law, that Holland's allegations are insufficient to support the claim that her Fourth Amendment rights were violated.

Liberally construed, Plaintiff's Complaint and Affirmation also state causes of action under state tort law for negligent hiring and, under a respondeat superior theory, for false imprisonment. To the extent that Holland does state such causes of action, they sound exclusively in state law, and raise no federal questions on their face. The Court thus lacks original jurisdiction over these claims under 28 U.S.C. § 1331. Moreover, no diversity of citizenship is alleged in this action and, although the exact amount of damages sought by Holland is not entirely clear, her submission styled "Motion in Opposition of Defendant's Motion for Granting Summary Judgment Pursuant to Rule 56" demands relief in the amount of $5,000 in compensatory damages, and $50,000 in punitive damages. Thus even if the parties in this case are diverse, an issue on which I make no finding, Holland's claim fails to satisfy the $75,000 threshold for the exercise of diversity jurisdiction under 28 U.S.C. § 1332(a). I therefore find no basis on which this Court may exercise original jurisdiction over Holland's state law claims. Having summarily decided all federal claims against Plaintiff, I now decline, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction over her state tort law claims. *See Purgess v. Sharrock,* 33 F.3d 134, 138 (2nd Cir.1994). These claims, consequently, are dismissed with prejudice, and Defendant's motion for summary judgment with respect to these claims is denied as moot.

Defendant's motion for summary judgment is granted with respect to Plaintiff's *Bivens* claims, and denied with respect to Plaintiff's claims for negligent hiring and false imprisonment. Plaintiff's claims for negligent hiring and false imprisonment are dismissed with prejudice. The Clerk is directed to close this matter.

SO ORDERED.