Janet **FARRELL**, Plaintiff,

v.

**CHILD WELFARE ADMINISTRATION**, Defendant.

No. 97–CV–2331(FB).

United States District Court,
E.D. New York.

Dec. 15, 1999.

**330**

Janet Farrell, Flushing, Queens, pro se.

Michael D. Hess, Corporation Counsel of the City of New York, by Steven Weiss, Assistant Corporation Counsel, New York City, for defendant.

### MEMORANDUM AND ORDER

BLOCK, District Judge.

Plaintiff Janet Farrell ("Farrell") has brought this action, *pro se*, claiming that the defendant [New York City] Child Welfare Administration ("CWA")[1] violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.; 42 U.S.C. §§ 1981, 1983 and 1985; and New York State Executive Law § 296, because CWA allegedly terminated her employment because of her national origin. Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"),[2] CWA moves for judgment on the pleadings dismissing the complaint in its entirety for failure to state a claim.[3] In her two memoranda in

1. After this case was commenced, the CWA was renamed the Administration for Children's Services. *See Matter of Kadeem R.*, Docket No. 48700009, N.Y.L.J, at 33 (Kings County Family Ct. July 13, 1998).

2. The defendant also moves pursuant to Rule 12(b)(6) of the FRCP. Such a motion is properly made before the close of the pleadings; once an answer is filed and the pleadings are closed, the motion should be styled as a Rule 12(c) motion. *See* FRCP 12(c); *Nat'l Ass'n of Pharm. Mfs v. Ayerst Labs.*, 850 F.2d 904, 909 n. 2 (2d Cir.1988). *Id.* In this action, the defendant's answer was filed before this motion. Accordingly, the Court considers it to be made pursuant to Rule 12(c).

3. The defendant also argues that because Farrell has sued an agency of the City of New York which is a non-suable entity, Farrell's claims against it should be dismissed. *See East Coast Novelty v. City of New York*, 781 F.Supp. 999, 1010 (S.D.N.Y.1992) (finding that agencies of the City of New York are not suable entities); *Wilson v. City of New York*, 800 F.Supp. 1098, 1101 (E.D.N.Y.1992) (citing *Martin v. City of New York*, 627 F.Supp. 892, 894 n. 2 (E.D.N.Y.1985)) (same). While the Court agrees that the defendant is not a suable entity, the Court notes that Farrell is a *pro se* plaintiff; thus, the Court reads her complaint liberally and treats her claims against the defendant as claims against the City of New York. *See Richardson v. C.O. Castro*, No. 97–CV–3772, 1998 WL 205414, at *6 (E.D.N.Y. Apr.24, 1998) (treating *pro se* plaintiff's complaint against the Department of Corrections as a complaint against the City of New York).

opposition to CWA's motion, Farrell raises, for the first time, a retaliation claim under Title VII, as well as claims under the Due Process Clause of the Fourteenth Amendment, the New York Civil Service laws, New York General Municipal Law §§ 550 *et seq.*, and fraud.[4] The Court grants the defendant's Rule 12(c) motion and dismisses the complaint in its entirety, without prejudice to Farrell filing an amended complaint on or before January 20, 2000.

## BACKGROUND

The following facts are drawn from the complaint: In the fall of 1995, Farrell was hired by the CWA as a case worker. In October 1995, the CWA conducted a training program for new employees, which Farrell began but did not complete because she had the flu and other personal problems. A training program staff member told Farrell that under CWA policy, she would be given another opportunity to complete the training.

On October 9, 1995, Farrell took a CWA examination, for which she received a low score; however, she was told that a low score would not result in termination of her employment. On October 13, 1995, CWA dismissed her.

Farrell attached to her complaint a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), which stated the following:

> You allege that you were terminated because of your national origin (West Indian/Antigua), in violation of Title VII.... The Commission's investigation and review of the evidence revealed your national origin was not a factor in influencing [CWA]'s decision. You were terminated due to your failure to successfully complete the established requisite training for the position of Caseworker

during the probationary training period. Specifically, you were not recommended for continued employment due to your low examination score.

## DISCUSSION

### I. Standard

"Pursuant to Fed.R.Civ.P. 12(h)(2), a defense of failure to state a claim may be raised in a Rule 12(c) motion for judgment on the pleadings, [ ] and when this occurs the court simply treats the motion as if it were a motion to dismiss." *Nat'l Ass'n of Pharm. Mfs,* 850 F.2d at 909 n. 2. *See Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999) (citation omitted) ("In deciding a Rule 12(c) motion, the court applies the same standard as that applicable to a Rule 12(b)(6) motion."). In considering a motion to dismiss pursuant to Rule 12(c), the Court's task is " 'necessarily a limited one.' " *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College,* 128 F.3d 59, 62 (2d Cir.1997) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "[I]n ruling on [the] defendants' motion, the court must accept as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff." *Id.* at 63. In addition, because Farrell is a *pro se* plaintiff, her pleadings must be read liberally. *See Gomez v. USAA Fed. Savings Bank,* 171 F.3d 794, 795 (2d Cir.1999); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The Court should grant such a motion only if, after viewing the plaintiff's allegations in the most favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Harris v. City of New York,* 186 F.3d 243, 247 (2d Cir.1999).

---

4. A party is not entitled to amend her complaint through her memoranda. *See Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir.1998) (citations omitted) (holding that complaint did not state a cause of action although plaintiff had alleged the elements of the claims in a memoranda in opposition to defendant's motion to dismiss). Accordingly, the Court concludes that Farrell has not properly pleaded these causes of action.

## II. Wrongful Termination Claim

■ Under Title VII, "[i]t shall be an unlawful employment practice for an employer ..... to discharge any individual, ... becuse of such individual's race, color, ... or national origin." 42 U.S.C. § 2000e–2. To establish a *prima facie* claim of wrongful termination under this statute, as well as under New York State Executive Law § 296, a plaintiff must show that (1) she is a member of a protected class; (2) she was qualified for the employment position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination based on race, color, religion, sex, or national origin. *See McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir.1997); *Viola v. Philips Med. Sys.*, 42 F.3d 712, 716 (2d Cir.1994) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)); *Song v. Ives Labs.*, 957 F.2d 1041, 1046 (2d Cir.1992) (New York State law). A plaintiff alleging such discrimination must do more than recite conclusory assertions; "[i]n order to survive a motion to dismiss [a claim based on discrimination], the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of [ ] discriminatory intent [based on national origin]." *Yusuf v. Vassar College*, 35 F.3d 709, 713 (2d Cir.1994). Therefore, " 'a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6).' " *Id.* at 713–14 (quoting *Martin v. N.Y. State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978) (per curiam)).

■ In this action, Farrell does not allege any facts that would connect her national origin with her termination such that the Court could plausibly infer discriminatory intent. Notably, she does not allege that her employer was aware of her national origin. Moreover, Farrell does not allege that she was qualified for the job. Thus, she has not pleaded a *prima facie* case of wrongful termination based on discrimination.

## III. Sections 1981, 1983, and 1985 Claims

■ To establish a claim under 42 U.S.C. § 1981, a plaintiff must allege facts in support of the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." [5] *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1087 (2d Cir.1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts in support of the following elements: that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States. *See Snider v. Dylag*, 188 F.3d 51, 54 (2d Cir.1999) (citing *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993)). "The four elements of a [42 U.S.C.] § 1985(3) claim are: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Id.* at 1087–88 (citing *United Bhd. of Carpenters, Local 610 v.*

---

**5.** Section 1981 does not prohibit discrimination on the basis of gender, religion, national origin, or age. *See Anderson v. Conboy*, 156 F.3d 167, 170 (2d Cir.1998). It is unclear from the complaint whether Farrell belongs to a racial minority; however, for the purpose of this motion, the Court will consider that her allegation that she is West Indian is an allegation about race as well as national origin.

*Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049, (1983)).

In bringing a §§ 1981, 1983, or 1985 claim against a municipality, a plaintiff must allege that the municipality implemented and adopted a "policy statement, ordinance, regulation, or decision" or established or acquiesced in a custom that caused the unconstitutional activity. *Barrett v. Harwood,* 189 F.3d 297, 304 (2d Cir.1999) (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)) (§ 1983 claim); *see Jett v. Dallas Indep. School Dist.,* 491 U.S. 701, 735–36, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989) (§ 1981 claim); *Philippeaux v. North Cen. Bronx Hosp.,* 871 F.Supp. 640, 657 (S.D.N.Y.1994) (§ 1985 claim).

Moreover, a civil rights complaint "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under" §§ 1981, 1983 and 1985. *Alfaro Motors, Inc. v. Ward,* 814 F.2d 883, 887 (2d Cir.1987) (internal citations omitted) (§ 1983 claim); *see Albert v. Carovano,* 851 F.2d 561, 572–73 (2d Cir.1988) (en banc) (as to a § 1981 claim, "[w]hile the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice"); *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997) (as to a § 1985 claim, "a complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss").

With regard to her §§ 1981, 1983, and 1985 claims, Farrell has failed to allege any specific facts upon which the Court could conclude that there was a connection between her national origin and the termination of her employment. As noted above, her national origin was mentioned only once in the complaint and was not connected to any specific actions taken by CWA. In particular, she has failed to allege that the CWA implemented and adopted a policy statement, ordinance, regulation, or decision or established or acquiesced in a custom that caused any unconstitutional activity. With regard to her § 1981 claim, she has not alleged that CWA interfered with any of the activities protected by the statute. With regard to her § 1983 claim, she has failed to allege that she was deprived of any constitutional right, and with regard to her § 1985 claim, she has failed to allege the existence of a conspiracy, or that the defendant furthered a conspiracy.

The district court must normally afford a *pro se* plaintiff an opportunity to amend her complaint before dismissing it. *See Platsky v. Central Intelligence Agency,* 953 F.2d 26, 28 (2d Cir.1991) (district court should give *pro se* plaintiff the opportunity to amend the complaint to "set out, with particularity and specificity, the actual harms [ ] suffered as a result of the defendant['s] clearly defined acts" before dismissing action). Therefore, the Court will grant Farrell an opportunity to amend her complaint to add, if possible: (1) sufficient facts to support the claims she has already raised in the complaint, (2) the claims she has attempted to raise in her memoranda, and (3) any other causes of action she may have in relation to the termination of her employment.

## CONCLUSION

Accordingly, the Court grants CWA's motion and dismisses the complaint in its entirety, without prejudice to Farrell filing an amended complaint on or before January 20, 2000.

**SO ORDERED.**