**Mark LaBOUNTY, Plaintiff–Appellant,**

v.

**Dr. Mahesh KINKHABWALA M.D. St.
Luke's Hospital, Cross–Claim–
Defendant–Appellee,**

4. In view of the remand, and the fact that
Plonka will now be able to make an analogous motion in the district court, his motion
to submit newly discovered evidence is denied
without prejudice.

Nurse M. Rivera; Joseph Vature, Supt. at Fishkill Corr. Fac.; Cayco, Correctional Counselor at Fishkill Corr. Fac.; Banks, Nurse at Fishkill Corr. Fac.; Neal Bertron, Physician's Assistant at Fishkill Corr. Fac.; Dr. Smith, At St. Agnes Hospital, Docs Clinic; Sgt. Clark, Corr. Sergeant who is John Doe Sgt. in Original Complaint; Sgt. W. Schaull, Corr. Sergeant at Fishkill Corr. Fac.; G. Kennedy, Corr. Officer at Fishkill Corr. Fac.; Young; All S.H.U. Officers on Unit 4–2 during February 1995 at Fishkill Corr. Fac.; A. Premo, Corr. Officer at Fishkill; Goidel Grievance Supervisor at Fishkill Corr. Fac.; Dr. Milker; Sgt. Lee and Program Committee at Fishkill Corr. Fac.; Donald Selsky; Grievance Supervisor, Inmates, at Otisville Corr. Fac. Between May 1994 up to and Including December 1994, Cross–Defendant–Appellees.

No. 99–0329.

United States Court of Appeals,
Second Circuit.

Feb. 5, 2001.

Mark LaBounty, Collins, NY, pro se.

Carol Fischer, Assistant Solicitor General; Eliot Spitzer, Attorney General of the State of New York; Edward Johnson, Deputy Solicitor General, New York, NY; Stephen J. Riebling, Jr., Voute, Lohrfink, Magro & Collins, LLP, White Plains, NY, for appellees.

Present STRAUB, POOLER, and SACK, Circuit Judges.

## SUMMARY ORDER

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED IN PART, VACATED IN PART, and the action is REMANDED FOR FURTHER PROCEEDINGS.

Plaintiff Mark LaBounty, *pro se, in forma pauperis,* and incarcerated, appeals from several orders and the judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*), in his civil rights action filed under 42 U.S.C. § 1983 against twenty-six named and thirteen unnamed state and private defendants. The orders from which LaBounty appeals include the grant of a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(6); the denial of a motion to amend; two grants of partial summary judgment pursuant to Fed.R.Civ.P. 56; two denials of reconsideration, or, alternatively, for leave to appeal; two denials of appointment of counsel; the denial of two default judgments, and a request to compel discovery; and the denial of a new trial, or, alternatively, to modify or amend the trial verdict granting nominal damages.

Substantially for the reasons stated by the District Court, we affirm the District Court decisions in all respects, except as to Mr. LaBounty's conspiracy and due process claims. For the reasons set forth below, we affirm the dismissal of the conspiracy claim on grounds not specified by the District Court and remand the due process claim to the District Court for further proceedings.

In April and May 1995, LaBounty filed a § 1983 complaint and amended complaint, alleging that the defendants violated his constitutional rights while he was an in-

mate at Fishkill Correctional Facility ("Fishkill"). Specifically, LaBounty argued, *inter alia*, that the defendants: (1) were deliberately indifferent to his medical needs by depriving him of necessary medical care while he was confined for thirty days in the Special Housing Unit ("SHU"), in violation of the Eighth Amendment; (2) violated his due process rights at a disciplinary hearing held on January 23 and 27, 1995, resulting in his SHU confinement; and (3) engaged in a mass conspiracy to violate his First and Eighth Amendment rights.

The defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). In opposition to the motion, LaBounty alleged, for the first time, that, in addition to the deprivation of medical care during his SHU confinement, he was denied a pen or pencil and was given only two sheets of writing paper; he was denied exercise although he requested it; he was denied access to library books "when all other inmates on 4–2 were given access to said books"; he was not permitted to mail letters in the evening, unlike other inmates; and all of his mail was either censored or destroyed.

On November 25, 1996, the District Court granted the defendants' motion to dismiss in part, holding, *inter alia*, that it need not decide whether Mr. LaBounty's procedural due process rights were violated at the disciplinary hearing because his thirty-day SHU confinement did not create a liberty interest under *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The District Court did not explicitly consider Mr. LaBounty's mass conspiracy claim.

 We review a district court's grant of a motion to dismiss *de novo*. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). First, addressing the conspiracy claim, the District Court's failure explicitly to consider this claim or construe Mr. LaBounty's assertion as alleging a claim under 42 U.S.C. § 1985 was not reversible error. To prevail on a § 1985(3) claim, a plaintiff must prove that the defendants: (1) engaged in a conspiracy; (2) for the purpose of depriving him or her of equal protection, or equal privileges and immunities under the law; (3) acted in furtherance of the conspiracy; (4) deprived the plaintiff of the exercise of any right or privilege of a citizen of the United States; and (5) were motivated by discriminatory animus. *See New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1358 (2d Cir.1989), *cert. denied*, 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990). In his pleadings, Mr. LaBounty merely stated that a conspiracy existed but failed to allege facts that would show that the defendants, motivated by animus, conspired to deprive him of a substantive right. *See Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir.1997) ("[A] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss ." (citation and internal quotation marks omitted)). Moreover, since Mr. LaBounty's complaint and opposition to the motion to dismiss did not indicate that a valid complaint of conspiracy could be stated, the District Court was not required to permit Mr. LaBounty leave to amend. *See Platsky v. CIA*, 953 F.2d 26, 29 (2d Cir. 1991) (per curiam) (although a *pro se* plaintiff should be granted leave to amend pleadings when "[i]t is not 'beyond doubt that the plaintiff can prove no set of facts supporting his claim,'" leave to amend need not be given if the complaint does not indicate a valid claim may be stated (citation omitted)).

 Second, the District Court's Rule 12(b)(6) dismissal of Mr. LaBounty's procedural due process claim is reversible er-

ror, however, and must be vacated, and the action remanded for further proceedings. The District Court never reached Mr. La-Bounty's procedural due process claim arising out of his disciplinary hearing because it concluded that Mr. LaBounty's ninety-day SHU sentence with sixty days suspended did not constitute an "atypical or significant hardship sufficient to create a liberty interest" under *Sandin*, 515 U.S. at 484. We have held, however, that "[a]fter *Sandin*, in order to determine whether a prisoner has a liberty interest in avoiding disciplinary confinement, a court must examine the specific circumstances of the punishment." *Brooks v. DiFasi*, 112 F.3d 46, 49 (2d Cir.1997) (citing *Miller v. Selsky*, 111 F.3d 7, 8–9 (2d Cir.1997)). "The circumstances that a court must examine include the extent to which the conditions of the disciplinary segregation differ from other routine prison conditions[ ] and . . . the duration of the disciplinary segregation imposed compared to discretionary confinement." *Sims v. Artuz*, 230 F.3d 14, 22 (2d Cir.2000) (quoting *Wright v. Coughlin*, 132 F.3d 133, 136 (2d Cir.1998)).

The District Court held that Mr. La-Bounty was not deprived of a liberty interest, without examining the specific circumstances of Mr. LaBounty's punishment. Further, since the claim was dismissed at the Rule 12(b)(6) stage, the District Court made this determination without fact-finding and a sufficiently developed record. We have cautioned against such dismissals and, in most instances, have remanded these cases for amplification of the record. *See Taylor v. Rodriguez*, 238 F.3d 188, 196–97 (2d Cir.2001) (remanding so that district court may undertake a *Sandin* analysis, "considering both the duration of [the plaintiff's] segregation in close custody and the severity of his confinement compared to other categories of confinement"); *Colon v. Howard*, 215 F.3d 227, 230 (2d Cir.2000) (*citing, e.g., Welch v.*

*Bartlett*, 196 F.3d 389, 393–95 (2d Cir. 1999); *Brooks*, 112 F.3d at 49).

In addition to the specific allegations noted above, Mr. LaBounty alleged that he was denied medication for his spreading ear infection; he was prescribed an ineffective drug, Flexeril, for his back condition; and nurse Millie Rivera substituted his back pain medication with an unknown drug which caused him dizziness and head and stomach aches. The District Court only addressed these medical deprivation allegations in denying Mr. LaBounty's Eighth Amendment claims, and failed to consider the other conditions-of-confinement allegations at all. Although the medical claims failed against particular defendants under the Eighth Amendment, they may properly be considered as part of the liberty interest analysis under *Sandin*. Accordingly, we must vacate the District Court's judgment dismissing Mr. LaBounty's due process claims and remand for further proceedings.

On remand, the District Court should allow the parties to expand the record as necessary to determine the "atypicality" of Mr. LaBounty's SHU confinement. The District Court may also consider the defendants' claims (i) that they are entitled to qualified immunity, and (ii) that New York statutes and prison regulations do not create a liberty interest in avoiding the type of confinement that Mr. LaBounty has challenged. Finally, we note that our decision here should not be taken as expressing any view as to the ultimate merits of Mr. LaBounty's claim.

For the foregoing reasons, the November 25, 1996 District Court order is vacated with respect to the procedural due process claim, and the action is remanded for further fact-finding and amplification of the record. The November 25, 1996 order and all other orders appealed from are

affirmed in all other respects substantially for the reasons stated by the District Court.

For the reasons set forth above, we AFFIRM in part and VACATE in part the judgment of the District Court, and RE-MAND the action for further proceedings consistent with this order.