**Douglas GRANT, Plaintiff-Appellant,**

v.

**HUMAN RESOURCES ADMINISTRA-TION FOOD STAMP DEPARTMENT, New York State Department of Social Services–Office of Administrative Hearing Compliance Unit, Defendants–Appellees.**

No. 00–7864.

United States Court of Appeals, Second Circuit.

Aug. 20, 2001.

Douglas Grant, Brooklyn, NY, pro se.

Anne Bomser, Assistant Attorney General, State of New York Office of the Attorney General, New York, NY; Eliot Spitzer, Attorney General of the State of New York, on the brief, for appellee.

Present MINER, JACOBS, and CALABRESI, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Douglas Grant, *pro se* and *in forma pauperis,* filed a complaint on October 19, 1998, alleging that the Human Resources Administration ("HRA"), the Food Stamp Department, the New York State Department of Social Services, and the Office of Administrative Hearing Compliance Unit (collectively, the "state defendants") terminated his food stamps without adequate notice, in violation of 18 N.Y.C.R.R. § 358–3.3(b)(1) and 7 C.F.R. § 273.13. Grant also alleged that HRA had unlawfully terminated his benefits once before. Grant sought to enjoin HRA to resume his benefits, retroactive to August 1998.

State defendants moved to dismiss the complaint for lack of subject matter jurisdiction, under *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), which holds that state agencies are immune from suit under the Eleventh amendment for § 1983 claims. The district court concluded that *Will* controlled, and dismissed Grant's complaint for lack of subject matter jurisdiction.

Grant sued governmental entities only, which are considered arms of the State for Eleventh Amendment purposes. *See Will,* 491 U.S. at 70, 109 S.Ct. 2304. Therefore, the district court properly determined that it lacked subject matter jurisdiction to review Grant's claim that termination of his food stamp benefits violated his constitutional rights under § 1983.

Grant was not afforded an opportunity to amend his complaint to name individual state officials. Accordingly, the case is remanded to the district court to allow such an amendment if Grant be so advised. *See Platsky v. CIA,* 953 F.2d 26, 28–29 (2d Cir.1991) (per curiam) (pro se plaintiff should be granted leave to amend pleadings when "[i]t is not beyond doubt that the plaintiff can prove no set of facts sup-

porting his claim[ ]") (internal quotation marks and citation omitted).