Ghassan J. MAARAWI, Plaintiff–Appellant,

v.

UNITED STATES CONGRESS, Defendant–Appellee.

Docket No. 01–6027.

United States Court of Appeals, Second Circuit.

Nov. 16, 2001.

**44**

Ghassan J. Maarawi, Newport, VT, pro se.

Paul Van de Graaf, Chief, Civil Division, U.S. Attorney's Office, District of Vermont, Burlington, VT, for appellee.

Present FEINBERG, OAKES and PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant, Ghassan J. Maarawi ("Maarawi"), appearing pro se, appeals the dismissal of his claims brought in the United States District Court for the District of Vermont (William K. Sessions, III, *Judge*) against Defendant-appellee, the United States Congress.

Maarawi seeks $1 billion in damages from the United States Congress in compensation for injuries that he allegedly received as a result of the legislative branch's declaring a "war" on welfare. Maarawi claims that members of Congress made derogatory remarks about poor people and that these statements incited Maarawi's neighbors to attack him and his family.

Because *pro se* complaints are construed liberally, a *pro se* complaint will be dismissed only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991). Maarawi's complaint may be construed to assert tort claims against the United States Congress as a body of the federal government or against the legislators who make up the Congress.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). We therefore lack jurisdiction over tort claims against Congress. We also have no jurisdiction over tort claims against members of Congress due to the legislative immunity created by the Speech or Debate Clause. U.S. Const. art. I, § 6, cl. 1; *Powell v. McCormack*, 395 U.S. 486, 503, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Under this immunity, legislators are free from civil liability for what they do or say in legislative proceedings. *Tenney v. Brandhove*, 341 U.S. 367, 373, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). "Committee reports, resolutions, and the act of voting are equally covered, as are 'things generally done in a session of the House by one of its members in relation to the business before it.'" *Powell*, 395 U.S. at 502 (quoting *Kilbourn v. Thompson*, 103 U.S. 168, 204, 26 L.Ed. 377 (1880)).

For the reasons set forth above, the judgment of the district court is AFFIRMED.