William B. BOISE, Plaintiff–Appellant,

v.

Jo Ivey BOUFFORD and L. Jay Oliva, Defendants–Appellees.

No. 01–7178.

United States Court of Appeals, Second Circuit.

July 17, 2002.

---

William B. Boise, Pro se, New York, NY, for Appellant.

Ada Meloy, New York, NY, for Appellees.

Present WINTER, F.I. PARKER and ROSEMARY S. POOLER, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED IN PART and VACATED and REMANDED IN PART.

Plaintiff-appellant William B. Boise appeals from a judgment entered January 16, 2001 pursuant to an Opinion dated January 11, 2001 in the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*), dismissing his complaint for failure to state a claim on the motion of Defendants-appellees Jo Ivey Boufford and L. Jay Oliva.

Boise filed this complaint in October 2000 alleging race and gender discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and discrimination based on his perceived hearing loss in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* The complaint alleged that Defendants engaged in discriminatory conduct that included unequal terms and conditions of employment, retaliation, "endentured servitude [sic], involuntary service, maladministration, administrative malpractice, [and] hostile work environment." *Boise v. Boufford,* 127 F.Supp.2d 467, 471 (S.D.N.Y.2001) (quoting Complaint ¶ 4).

Boise, a tenured Professor of Public Administration at New York University, contends that Boufford, Dean of the Robert F. Wagner Graduate School of Public Service, rejected Boise's teaching preferences for the academic years 1998–1999 and 1999–2000, reduced his teaching assignment from the typical load of five or six courses to two and three courses per year, respectively, and assigned him to assist in the development of courses in the Wagner International Initiative, under the direction of Associate Professor Dennis C. Smith, who Boise alleges is a less experienced professor.

The district court found that Boise had named the wrong defendants in his complaint, because under *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313–17 (2d Cir.1995) and its progeny, individual defendants with supervisory control over a plaintiff may not be held personally liable under the employment discrimination laws Boise has invoked. The court proceeded to address the merits of Boise's suit and found that his complaint failed to state a claim since the facts Boise alleged "simply do not make out a *prima facie* case of unlawful discrimination on the basis of sex, age, and disability." 127 F.Supp.2d at 475.

We vacate the district court's decision in part and remand with instructions. While we agree with the court that Boise has improperly named Boufford and Olivia as defendants, the court should give Boise an opportunity to amend the complaint to name the correct defendant, if he so chooses. *See Platsky v. CIA,* 953 F.2d 26, 29 (2d Cir.1991). The district court should also reconsider the dismissal of Boise's claims regarding unequal terms and conditions of employment, retaliation, and hostile work environment in light of the Supreme Court's recent decision in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). We affirm the dismissal of Boise's claims of "endentured servitude [sic]," "involun-

tary service," "maladministration," and "administrative malpractice."

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART and VACATED and REMANDED IN PART.