David MORRIS, Plaintiff–Appellant,

v.

Edward L. DIAZ, Joseph Katango, Carlotta Hayes, Miriam Ortiz, Alan Liberwitz, Bob Kagel, Defendants–Appellees.

No. 03–7230.

United States Court of Appeals, Second Circuit.

Dec. 29, 2004.

David Morris, Bronx, NY, for Plaintiff–Appellant, pro se.*

PRESENT: POOLER, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant David Morris appeals from the District Court's judgment, entered February 3, 2003, dismissing his amended complaint for failure to comply with Rule 8 and failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review dismissal for failure to state a claim *de novo. See Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998). We must affirm if, "taking all plaintiff's factual allegations as true and construing all reasonable inferences in [his] favor . . . it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. Bankers Trust Co.,* 166 F.3d 540, 543 (2d Cir. 1999) (internal citations and quotation marks omitted). We construe *pro se* complaints liberally, and, unless the initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a claim, we require the district courts to grant leave to replead to allow plaintiff to allege sufficiently specific and particular facts. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Platsky v. C.I.A.,* 953 F.2d 26, 28 (2d Cir.1991).

Here, the District Court granted plaintiff leave to replead, and plaintiff filed an amended complaint. However, plaintiff's amended complaint does little to elucidate the basis of plaintiff's claim, so that it cannot be discerned, even under liberal review, what harm plaintiff purports to have suffered, what acts of defendants allegedly caused that harm, and what federal rights were allegedly infringed.

Plaintiff seems to intend to state either an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, or some kind of claim under the civil remedies pro-

---

* In a letter dated October 22, 2003, and filed December 2, 2003, Donald E. Ray, attorney for appellees, declined to submit an Appellee brief in this matter.

vision of the Racketeer Influenced and Corrupt Organizations Act (RICO Act), 18 U.S.C. § 1964. Plaintiff has not stated a claim under Title VII because he has not alleged membership in a protected class. While plaintiff alleges adverse employment action, he does not allege any facts that would render such action a violation of a federally protected right. Plaintiff fails to state a claim under the RICO Act because he has not alleged facts constituting a "pattern of racketeering activity" or "collection of unlawful debt" by defendants, as required by 18 U.S.C. § 1962, nor has he alleged harm to his own business or property, as required by 18 U.S.C. § 1964(c).

For the foregoing reasons, the judgment of the District Court is AFFIRMED.