Melvin D. WADDY, Plaintiff–Appellant,

v.

Secretary Elaine CHAO, United States Department of Labor, Chairman Alec J. Koromilas, Employees Compensation Appeals Board, Michael E. Groom, Alternate Member Employees Compensation Appeals Board, A. Pe-

ter Kanjorski, Alternate Member Employees Compensation Appeals Board, Alan C. Rassner, Esq., Defendants–Appellees.

No. 05–1375–CV.

United States Court of Appeals, Second Circuit.

Nov. 10, 2005.

Melvin D. Waddy, Bronx, NY, for Plaintiff–Appellant, pro se.

Benjamin Torrance, Ramon E. Reyes, Jr., Assistant United States Attorneys, New York, New York, for Defendants–Appellees.

PRESENT: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Melvin Waddy ("Waddy") appeals from the District Court's judgment, entered January 26, 2005, dismissing his complaint for lack of jurisdiction and for failure to state a claim. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir.2005). This Court also reviews *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915. *See Jacobs v. Ramirez*, 400 F.3d 105, 106 (2d Cir.2005).

We construe *pro se* complaints liberally, and, unless the initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a claim, we require the district courts to grant leave to replead to allow plaintiff to allege sufficiently specific and particular facts. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991).

■ The Supreme Court has noted that "only upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). 5 U.S.C. § 8128 provides for the review by the Secretary of Labor of awards made under the Federal Employees' Compensation Act ("FECA"). The Supreme Court has characterized this language as an "unambiguous and comprehensive" expression of Congress's intent to "bar judicial review altogether." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 780 n. 13, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985). Therefore, the district court properly found that it lacked jurisdiction to review Waddy's complaint, because the statutory language of Section 8128 evinces a clear congressional intent to bar judicial review of awards made under FECA.

■ The district court also properly found that Waddy has not raised a colorable constitutional challenge to the decisions of the Employees Compensation Appeals Board ("ECAB"). To the extent that Waddy contends that his due process rights were violated by the ECAB's approval of attorneys fees without his input, such a claim is moot because the ECAB has already corrected its error by allowing Waddy to respond. Accordingly, there is no colorable constitutional claim sufficient to override the clear congressional intention to bar judicial review. We have held that when a district court plainly lacks jurisdiction to consider a complaint, dis-

missal of the claim as "frivolous" under Section 1915(e)(2) is proper. *McGann v. Comm'r,* 96 F.3d 28, 30 (2d Cir.1996).

We deny Waddy's motion to amend his complaint, and we grant his motion to include in the record the Decision and Order of the Employees' Compensation Appeals Board. *Waddy v. USPS,* No. 05–837 (Oct. 17, 2005).

For the foregoing reasons, the judgment of the District Court is AFFIRMED.