Ronald COLEMAN, Plaintiff–Appellant,

v.

SUFFOLK COUNTY, Suffolk County Attorney, Town of Brookhaven, and the Sixth Precinct Police Department, Defendants–Appellees.

No. 04–6706–CV.

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

Ronald Coleman, Hempstead, NY, for Plaintiff–Appellant, pro se.

Christopher A. Jeffreys, Suffolk County Assistant County Attorney, Hauppauge, NY, for Defendants–Appellees.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Ronald Coleman appeals from the District Court's judgment, entered October 12, 2004, dismissing his complaint *sua sponte* as frivolous as a matter of law. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

A district court may dismiss a complaint *sua sponte* as frivolous notwithstanding the plaintiff's payment of a filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). Because it is unclear what standard of review applies to review of such a dismissal, we here apply *de novo* review. *See id.* at 346, n. 2. A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

We construe *pro se* complaints liberally, and, unless the initial complaint excludes all doubt as to whether plaintiff can allege facts sufficient to state a claim, we require the district courts to grant leave to replead to allow plaintiff to allege sufficiently specific and particular facts. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991).

Here, it cannot be discerned, even under the liberal review that applies to *pro se* litigants, what harm plaintiff purports to have suffered, what acts of defendants allegedly caused that harm, and what federal rights were allegedly infringed. We therefore find that the complaint was frivolous and leaves no doubt that plaintiff cannot allege facts sufficient to state a claim.

We have considered all of plaintiff's arguments and find them meritless.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.